# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

ERIC PAUL KENNETH,

    Petitioner,

  v.                                                                                          No. 17-CV-01176-MV-CG

R. MARTINEZ, *Warden*, HECTOR
BALDERAS, *Attorney General of the
State of New Mexico*,

    Respondents.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court on Petitioner Eric Paul Kenneth's responses to the Court's May 3, 2018 Order To Show Cause, which required Petitioner to show cause why his Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody should not be dismissed as untimely under 28 U.S.C. § 2244(d)(1)(A). [Docs. 8, 9; *see* Doc. 6] Petitioner contends that his § 2254 petition should not be dismissed because he is entitled to statutory and equitable tolling of the one-year limitation period. [Docs. 8, 9] For the reasons explained below, Petitioner's § 2254 petition will be dismissed with prejudice as untimely filed under 28 U.S.C. § 2244(d)(1)(A), all pending motions will be denied as moot, a certificate of appealability will be denied, and judgment will be entered.

**I.    BACKGROUND**

Petitioner's § 2254 petition and the attached exhibits reveal the following facts. *See* Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts (requiring the Court to "promptly examine" and dismiss a § 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"). In 2013, Petitioner was

convicted of second degree kidnapping, aggravated assault (deadly weapon), criminal sexual contact (deadly weapon), and impersonating a peace officer in the Eleventh Judicial District of the State of New Mexico, case number D-1116-CR-2011-01027. [Doc. 1 at 1] Petitioner's convictions were affirmed by the New Mexico Court of Appeals on November 12, 2015 [Doc. 1-1 at 6-22] and his petition for writ of certiorari was denied by the New Mexico Supreme Court on January 5, 2016. [Doc. 1-2 at 2-3]

On June 7, 2016, Petitioner filed a Motion for Reconsideration of Sentence, which the state court construed as a motion for modification of sentence under New Mexico Rule of Criminal Procedure 5-801. [Doc. 8 at 9] On June 29, 2016, the Court denied Petitioner's motion for lack of jurisdiction, because more than ninety days had elapsed since the imposition of Petitioner's sentence. [Doc. 8 at 9]

More than one year later, on July 24, 2017, Petitioner filed a petition for writ of habeas corpus in the Eleventh Judicial District of the State of New Mexico. [Doc. 1-2 at 8] Petitioner's petition for writ of habeas corpus was dismissed on July 25, 2017 and his petition for writ of certiorari was denied by the New Mexico Supreme Court on August 23, 2017. [Doc. 1-2 at 8-10]

On November 29, 2017, Petitioner filed the present § 2254 petition alleging that his convictions were invalid because: (1) he received ineffective assistance of counsel; (2) the prosecutor engaged in misconduct; (3) the evidence was insufficient to support his convictions; (4) the imposition of multiple charges based on the same evidence violated his right to be free from double jeopardy; (5) the trial judge was biased against him and failed to ensure an impartial trial; and (6) appellate counsel was constitutionally ineffective. [Doc. 1 at 1-18] On May 3, 2018, Chief United States Magistrate Judge Carmen E. Garza ordered Petitioner to show cause why his § 2254 petition should not be dismissed as time-barred. [Doc. 6] Chief Magistrate Judge Garza pointed

out that 28 U.S.C. § 2244(d)(1) imposes a one-year limitation on the filing of a § 2254 petition, which begins to run, in relevant part, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). Petitioner's conviction became final on April 4, 2016 (ninety days after the New Mexico Supreme Court denied Petitioner's petition for writ of certiorari) and, therefore, Petitioner was required to file his § 2254 petition on or before April 4, 2017. [Doc. 6] Because the present § 2254 petition was filed more than seven months after the expiration of the one-year limitation period, Chief Magistrate Judge Garza ordered Petitioner to show cause why his § 2254 petition should not be dismissed as untimely under § 2244(d)(1)(A). [Doc. 6]

In response, Petitioner filed an "Amended Motion To Show Cause," which appears to seek statutory and equitable tolling of the one-year limitation period. [Doc. 8] First, Petitioner contends that his June 2016 Motion for Reconsideration of Sentence was "a properly filed application for State post-conviction review" and, therefore, the twenty-two days in which the motion was pending should be applied "toward the tolling period." [Doc. 8 at 2] Second, Petitioner appears to contend that he is entitled to equitable tolling, because he made diligent efforts to procure his trial court records from his trial counsel and the state district court. [Doc. 8] After six months, Petitioner finally was provided with an audio recording, which he had to transcribe manually. [Doc. 8 at 3] In light of these delays, Petitioner asks the Court to "apply the doctrine of equitable tolling by crediting six months, and promptly 'properly' file my petition to avoid serious miscarriage of justice." [Doc. 8 at 3]

Petitioner also filed a "Response To Court's Order to Show Cause" on June 6, 2018. [Doc. 9] In his second response, Petitioner contends that his § 2254 petition was timely filed because he "was required by 2254 and the Prison Litigation Reform Act (1997(e) to exhaust all state and

3

administrative remedies prior to filing a federal petition." [Doc. 9]

Lastly, on May 24, 2018, Petitioner filed a "Motion For Appointment of Counsel." [Doc. 7] Petitioner asks the Court to appoint counsel in this habeas proceeding because he cannot afford to hire an attorney, his imprisonment hinders his ability to litigate the present case, and the legal issues involved are complex. [Doc. 7]

## II.    DISCUSSION

There is a one-year limitation period on the filing of a § 2254 petition, which begins to run, in relevant part, on "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The New Mexico Supreme Court denied Petitioner's petition for writ of certiorari on January 5, 2016 and Petitioner had ninety days in which to file a timely petition for writ of certiorari in the United States Supreme Court. *See* U.S. Sup. Ct. R. 13.1 (providing that a petition for a writ of certiorari to review a judgment of a state court of last resort is timely filed "within 90 days after the entry of judgment'). Petitioner did not file a petition for writ of certiorari in the United States Supreme Court and, therefore, his conviction became final on the expiration of the ninety-day filing period—April 4, 2016. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (holding, under § 2244(d)(1)(A), that "a petitioner's conviction is not final and the one-year limitation period for filing a federal habeas petition does not begin to run until-following a decision by the state court of last resort-after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed.") (internal quotation marks and citations omitted). Therefore, absent the application of statutory or equitable tolling, the deadline to file a timely § 2254 petition was April 4, 2017.

4

Petitioner appears to contend that he is entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) during the pendency of his Motion for Reconsideration of Sentence. [Doc. 8] The Court recognizes that "a properly filed motion for modification of sentence under New Mexico Rule of Criminal Procedure 5-801(B) tolls the one-year limitation period in 28 U.S.C. § 2244(d)(1)." *Howard v. Ulibarri*, 457 F.3d 1146, 1150 (10th Cir. 2006). Petitioner's motion, however, was not properly filed, because it was submitted more than ninety days after the imposition of his sentence. *See* NMRA 5-801(A); *Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000) (holding that "a 'properly filed' application is one filed according to the filing requirements for a motion for state post-conviction relief," which may include "the place and time of filing"). Regardless, even if the one-year limitation period was tolled during the pendency of Petitioner's motion, his § 2254 petition nonetheless would be time-barred. Petitioner's Motion for Reconsideration of Sentence was pending for twenty-two days (from June 7, 2016 to June 29, 2016) and Petitioner had thirty-days to appeal the denial of his motion under New Mexico Rule of Appellate Procedure 12-201(A)(1)(b). [*See* Doc. 8 at 9] Fifty-two days of statutory tolling (twenty-two days plus thirty days) only would extend the filing deadline to May 29, 2017. Petitioner's § 2254 petition was not filed, however, until six months later, on November 29, 2017. Therefore, even if Petitioner's Motion for Reconsideration of Sentence qualified for statutory tolling under § 2244(d)(2), Petitioner's § 2254 petition still was not filed within the one-year limitation period.

Alternatively, Petitioner appears to contend that the one-year limitation did not commence until after he had exhausted his state court remedies under 28 U.S.C. § 2254(b)(1)(A). [Doc. 9] Petitioner's contention is contradicted by the plain language of § 2244(d)(1)(A), which provides that the one-year "limitation period shall run from . . . the date on which the judgment became final

5

by the conclusion of direct review or the expiration of the time for seeking such review." §2244(d)(1)(A). Although statutory tolling under § 2244(d)(2) stops the running of the limitation period during the time in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," § 2244(d)(1), this provision only applies to "state petitions for post-conviction relief filed within the one year allowed by AEDPA." *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006); *see also Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (holding that the petitioner was not entitled to statutory tolling because his application for state post-conviction relief was filed after the expiration of the one-year limitation period). Statutory "[t]olling does not revive the federal limitations period—i.e., restart the clock at zero; it can serve only to pause a clock that has not already run." *Sherard v. Utah*, No. 2:13-CV-00298-TC, 2015 WL 6132603, at *2 (D. Utah Oct. 16, 2015) (unpublished). The one-year limitation period to file a timely § 2254 petition had expired before Petitioner filed his state petition for writ of habeas corpus on July 24, 2017 and, therefore, Petitioner is not entitled to statutory tolling under § 2244(d)(2).

Lastly, Petitioner seeks equitable tolling of the one-year limitation period because he made diligent efforts to procure his trial court record after the denial of his direct appeal. [Doc. 8] Petitioner fails to explain why his trial court record was necessary to file a timely § 2254 petition, especially since the majority of his claims previously were adjudicated on direct appeal. In any event, "the difficulty in obtaining trial court transcripts" does not constitute the type of "'extraordinary circumstances' that would justify the use of equitable tolling." *Levering v. Dowling*, 721 F. App'x 783, 788 (10th Cir. Jan. 23, 2018) (unpublished); *see also Bhutto v. Wilson*, 669 F. App'x 501, 503 (10th Cir. Oct. 4, 2016) ("The failure to receive trial transcripts and certain other documents to canvas the record for possible error does not constitute 'extraordinary

circumstances' that would entitle [a petitioner] to equitable tolling") (unpublished); *Heinemann v. Murphy*, 401 F. App'x 304, 311 (10th Cir. Oct. 12, 2010) ("Other Circuits have considered and rejected the argument made here—the unavailability of a transcript warrants equitable tolling.") (unpublished). Accordingly, Petitioner is not entitled to equitable tolling of the one-year limitation period and his § 2254 petition will be dismissed with prejudice as time-barred.

In a habeas proceeding, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases In The United States District Courts. To be entitled to a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Reasonable jurists could not debate the Court's conclusion that Petitioner's § 2254 petition is barred by the one-year limitation period in 28 U.S.C. § 2244(d)(1)(A) and, therefore, a certificate of appealability will be denied.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Petitioner's § 2254 petition [Doc. 1] is DISMISSED with prejudice; all pending motions are DENIED as moot; a certificate of appealability is DENIED; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE