IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERIC PAUL KENNETH,

      Petitioner,

vs.                                   No. CV 17-01176 MV/CG

R. MARTINEZ, WARDEN,
and HECTOR BALDERAS,
ATTORNEY GENERAL,

      Respondents.

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR LEAVE TO PROCEED ON APPEAL WITHOUT PREPAYMENT OF COSTS OR FEES AND MOTION FOR APPOINTMENT OF COUNSEL**

THIS MATTER is before the Court on the Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees (Doc. 18) and the Motion for Appointment of Counsel (Doc. 14) filed by Petitioner, Eric Paul Kenneth. The Court denies the Motion for Leave to Proceed and the Motion for Appointment of Counsel.

**1. Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees**

In his Motion, Petitioner seeks to proceed on appeal without prepayment of fees or costs. (Doc. 18). Requests by prisoners to proceed *in forma pauperis* on appeal are governed by the provisions of 28 U.S.C. Section 1915 and Rule 24 of the Federal Rules of Appellate Procedure.[1] Section 1915 of Title 28 provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefore, by a person who submits an affidavit that includes a

---

[1] Petitioner filed his Motion on a non-PLRA form. (Doc. 18 at 1). However, he is a prisoner within the meaning of 28 U.S.C. § 1915(a)(2) and (b). *See* Doc. 1 at 1.

1

> statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). Rule 24 of the Federal Rules of Appellate Procedure similarly states:

> [A]ny party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
>> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>> (B) claims an entitlement to redress; and
>> (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1). Petitioner's Motion complies with the formal requirements of Rule 24 for requesting leave to proceed *in forma pauperis*.

In determining whether to permit a party to proceed *in forma pauperis* on appeal, the Court must decide whether the appeal is taken in good faith. *See* 28 U.S.C. § 1915(a)(1) and (3). Section 1915(a)(3) states that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). For purposes of § 1915(a)(3), a good faith appeal is one that presents a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Caravalho v. Pugh,* 177 F.3d 1177, 1179 (10th Cir. 1999) (internal quotations omitted); *see also Coppedge v. United States,* 369 U.S. 438, 442-450 (1962). The burden is on the party seeking *in forma pauperis* status to show that he is raising reasoned and nonfrivolous issues on appeal. *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). In determining good faith, the Court should not decide the merits of the issues on appeal but instead should only reach the question of whether the appellant has presented a reasoned and nonfrivolous argument. *See Ragan v. Cox,* 305 F.2d 58, 59-60 (10th Cir. 1962).

In its Memorandum Opinion and Order entered on July 30, 2018 ("July 30, 2018 Opinion"), the Court dismissed Petitioner's claims on the grounds that those claims are time-barred by the one-year statute of limitations set forth in 28 U.S.C. Section 2244(d). (Doc. 10). On his instant motion, Petitioner sets forth six issues that he intends to raise on appeal:

1. Ineffective Assistance of Counsel(s) (pre-trial)
2. Double Jeopardy
3. Judicial Bias
4. Ineffective Assistance of Appellate Counsel
5. Three issues and arguments to claim error by the District Court.
6. Prosecutorial Misconduct (Brady)

(Doc. 18 at 2). Although he does not expressly mention the statute of limitations issue, the Court liberally construes Issue 5 as demonstrating Petitioner's intent to raise on appeal the issue of the statute of limitations.

In its July 30, 2018 Opinion, the Court found that the one-year statute of limitations set forth in Section 2244(d) had expired before Kenneth filed his Petition, and that Kenneth failed to demonstrate that he is entitled to an equitable tolling of the statute of limitations. (Doc. 10 at 6-7). The Court also denied a certificate of appealability under 28 U.S.C. Section 2253(c)(2) on that grounds that "[r]easonable jurists could not debate the Court's conclusion that Petitioner's § 2254 Petition is barred by the one-year limitations period in 28 U.S.C. § 2244(d)(1)(A)." (*Id.* at 7).

Consistent with the Court's conclusions in its July 30, 2018 Opinion, the Court now finds that Petitioner fails to present any reasoned, non-frivolous argument that his claims are not barred by the Section 2244(d) statute of limitations. Further, because the Court did not reach the issues enumerated by Petitioner as Issues 1 through 4 and 6, those issues cannot serve as the basis for reversal by the Tenth Circuit Court of Appeals and thus do not present any reasoned, nonfrivolous argument in support of Petitioner's appeal. *Caravalho,* 177 F.3d at 1179. Accordingly, the Court concludes that the appeal is not taken in good faith for purposes of 28 U.S.C. Section 1915(a)(3)

3

and on this basis, denies the Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees.

**2. Motion for Appointment of Counsel**

Petitioner has also filed a motion seeking appointment of counsel. (Doc. 14). It is unclear whether he is seeking an appointment by this Court or by the Tenth Circuit. *See* Doc. 14 at 1. Because Petitioner filed his motion here, was filed here, this Court will rule on the Motion.

There is no right to appointment of counsel in a civil rights case. Instead, the decision whether to request assistance of counsel rests in the sound discretion of the Court. *Beaudry v. Corrs. Corp. of Am.,* 331 F.3d 1164, 1169 (10th Cir. 2003); *MacCuish v. United States,* 844 F.2d 733, 735 (10th Cir. 1988). Because the Court has denied a certificate of appealability and concluded that Petitioner does not present any reasoned, nonfrivolous argument in support of Petitioner's appeal, the Court determines that appointment of counsel is not warranted in this case.

**IT IS THEREFORE ORDERED that:**

(1) the Motion for Appointment of Counsel filed by Petitioner Eric Paul Kenneth (Doc. 14) is **DENIED**;

(2) the Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees filed by Petitioner Eric Paul Kenneth (Doc. 18) is **DENIED;** and

(3) the Court **CERTIFIES** that the appeal by Petitioner Eric Paul Kenneth is not taken in good faith, and the Court **DIRECTS** the Clerk to notify the Tenth Circuit Court of Appeals of this denial and certification.

DATED this 29th day of November 2018.

_____
MARTHA VÁZQUEZ
United States District Judge